IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2007 FEB -7  P 3: 31

DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| UNITED STATES OF AMERICA, Plaintiff, v. CARLOS AVALOS-ESTRADA, Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:04-CR-578 PGC |
|---|---|

Defendant, Carlos Avalos-Estrada, seeks to file a late direct appeal or to be allowed to proceed under 28 U.S.C. § 2255. Defendant asserts that although he told his trial counsel that he wanted to appeal, his trial counsel did not file an appeal.

Having reviewed the parties' pleadings and the law regarding this matter, the court recommends that Defendant's motion for leave to file a direct appeal beyond the deadline be denied. The court also recommends that Defendant's motion for leave to file an appeal be construed as a § 2255 motion. Finally, the court recommends that Defendant's § 2255 motion be granted and that Defendant be allowed to proceed with a direct appeal as the § 2255 remedy.

## BACKGROUND

Defendant was indicted in this case on September 1, 2004, and then arrested and arraigned on September 8, 2004. (Docket Entries #1, 4.) United States District Judge Paul G. Cassell was assigned

to the case. Defendant entered a plea of guilty on November 16, 2004, and was sentenced on December 16, 2004. (Docket Entries #13, 17.) On December 20, 2004, judgment was entered on the docket in Defendant's case, and the case was administratively closed by the court. (Docket Entry #18.) On January 25, 2005, Defendant was delivered to the correctional facility in California. (Docket Entry #19.) On January 28, 2005, the court entered an amended judgment for the sole purpose of correcting Defendant's last name. (Docket Entry #20.)

On February 18, 2005, Defendant filed a *pro se* motion requesting leave to file a late appeal.[1] (Docket Entry #21.) On March 1, 2005, the case was referred to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entry #22.) On April 4, 2005, Defendant filed a motion to take conference call depositions or subpoena for a hearing. (Docket Entries #23, 25.)

On May 2, 2005, a hearing was held before Magistrate Judge Alba. (Docket Entry #27.) After hearing from Defendant's trial counsel, the court released her as Defendant's counsel. On February 13, 2006, Defendant filed a motion for stay of the statute of limitations affecting 28 U.S.C. § 2255 motions. (Docket Entry #32.)

---

[1] The court notes that this pleading does not include a notice of appeal.

On June 13, 2006, Defendant was brought back to Utah from California for a hearing before the magistrate judge. (Docket Entry #34.) The court appointed Defendant new counsel, who, on July 11, 2006, filed a memorandum regarding the delayed filing of Defendant's appeal. (Docket Entry #38.) The court then held two more hearings. The first hearing was held on July 13, 2006, and the second hearing was held on August 16, 2006, when an evidentiary hearing was scheduled for September 28, 2006. (Docket Entries #40, 41.) On September 18, 2006, the Government filed its Motion to Stipulate to Excusable Error and Request to Proceed with Appeal, in which the Government asked, among other things, to have the September 18, 2006 evidentiary hearing canceled. (Docket Entry #48.) The court then canceled the evidentiary hearing and, in its place, set a hearing on the Government's motion. (Docket Entry #49.)

On September 28, 2006, the court held a short hearing. Relying on the Government's motion and stipulation, the court told the parties that it planned to submit a Report and Recommendation recommending that the Government's motion be granted so that the parties could proceed with the direct appeal. (Docket Entry #51.) However, the court held another hearing a few days later on October 2, 2006. At the October 2 hearing, the court explained that upon doing further research regarding the Government's motion, it appeared that a jurisdictional problem existed that would prevent the court from granting the Government's motion.

3

(Docket Entry #52.)  The court asked each party to file a memorandum addressing the jurisdictional issue by October 12, 2006.  On October 12, 2006, Defendant filed a memorandum pursuant to the court's request.  (Docket Entry #53.)  The Government, however, did not file a memorandum.

Defendant then sought to collect evidence to support his assertion that he had told his trial counsel that he wished to appeal.  (Docket Entries #61, 62, 74, 79, 83, 85, 86.)  Defendant also added the additional alternative claim that his trial counsel failed to consult with Defendant regarding whether or not to file an appeal.  (Docket Entry #75.)  On January 26, 2007, the parties filed a Stipulation that "[Defendant] and his family members notified the Utah Federal Defendant Office of his desire to appeal prior to the expiration of the time for filing an appeal." (Docket Entry #90.)  Based on the Stipulation, the court concluded that it was not necessary to have an evidentiary hearing addressing whether Defendant told his trial counsel that he wanted to appeal.

## ANALYSIS

### I. Whether Defendant May File A Late Direct Appeal

Appeals in criminal cases are governed by Rule 4(b) of the Federal Rules of Appellate Procedure.  That rule provides that a defendant's notice of appeal "must be filed in the district court within 10 days" after entry of either the judgment or the order being appealed.  Fed. R. App. P. 4(b)(1)(A)(I).

In cases where the district court finds excusable neglect or good cause, "the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). Therefore, if the district court finds excusable neglect or good cause, the defendant may have up to 40 days after entry of either the judgment or the order being appealed to file the defendant's notice of appeal.

"'[A]t bottom [an excusable neglect determination is] an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Mitchell*, 464 F.3d 1149, 1151 (10th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). "Factors that a court should consider include "'[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 385). These four factors are not to be given equal weight; instead, fault in the delay is a very important factor, and perhaps the most important single factor, in determining whether neglect is excusable. *See id.* Notably, "'[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute

5

"excusable" neglect.'" *Id.* (quoting *Pioneer*, 507 U.S. at 392). In addition, "failure to file a timely notice of appeal as a result of counsel's involvement with other matters or heavy work load is not excusable neglect." *Id.* The Tenth Circuit has explained that such behavior is not excusable neglect because the court is not "prepared to hold that whenever a lawyer is busy, and in trial, the rules on filing a notice of appeal may be set aside." *Id.* at 1152.

In the instant case, the Government has stipulated that excusable neglect has occurred in this case. (Docket Entry #48.) From a review of applicable case law, the court concludes that the Government cannot properly stipulate to this issue because it is connected to whether the appellate court has jurisdiction over the filed appeal. Consequently, the Tenth Circuit could raise the issue sua sponte and reach a different conclusion regarding excusable neglect. *See United States v. Torres*, 372 F.3d 1159, 1161, 1163-64 (10th Cir. 2004) (raising sua sponte issue of excusable neglect and dismissing appeal for lack of jurisdiction because district court abused its discretion in finding that the untimely filing of the notice of appeal was due to excusable neglect). Nevertheless, the court need not determine this issue because even were the court to conclude that excusable neglect exists in this case, Defendant's appeal is untimely because it has not been filed within forty days of entry of judgment. As a result, the court would lack jurisdiction over the appeal.

Rule 4(b) requires that a notice of appeal be filed within ten days after entry of the judgment. An additional thirty days, for a total of forty days, is allowed if the court finds excusable neglect or good cause.

The federal circuit courts have strictly applied the time limitations of Rule 4(b)(4) regarding the filing of notices of appeal. *See, e.g., United States v. Brown*, 192 Fed. Appx. 942, 943 (11th Cir. 2006) ("Rule 4(b)(4) prohibits a district court from extending the time for filing a notice of appeal more than thirty days beyond Rule 4(b)'s ten-day deadline."); *United States v. Little*, 392 F.3d 671, 682 (4th Cir. 2004) (holding that the district court was not permitted to republish its order in a criminal case so as to authorize the defendant to effect a timely appeal even though the court failed to provide the defendant with a copy of the court's order in a timely way); *United States v. Josleyn*, 206 F.3d 144, 150 n.4 (1st Cir. 2000) (noting that the circuit court looked at the date judgment was *entered* and it would *not* consider the 40-day period to have begun running on the day the clerk's office first *notified* the defendants that their motion to reconsider had been denied, even though the clerk's office had previously failed to notify the defendants that their motion to reconsider had been denied). If a notice of appeal is not timely filed as required by Rule 4, the appellate court lacks jurisdiction over the appeal. *See Mitchell*, 464 F.3d at 1152; *see also Little*, 392 F.3d at 682 (stating court lacked jurisdiction to

consider appeal where notice of appeal was filed late); *United States v. Whyte*, 39 Fed. Appx. 676, 678 n.1 (2d Cir.) (noting that court had jurisdiction over appeal because defendant's notice of appeal, which was filed one day late, was within the allowed additional thirty-day period and was filed late due to excusable neglect), *cert. denied*, 537 U.S. 1022 (2002).

The judgment in Defendant's case was entered on the docket on December 20, 2004.[2] (Docket Entry #18.) Therefore, Defendant had until approximately January 3, 2005, pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, to file his notice of appeal. If Defendant had been given an additional 30 days to file his appeal, he would have had until approximately February 2,

---

[2]There may be some question as to whether the time for filing the notice of appeal should begin to run from the filing of the original judgment, on December 20, 2004 (Docket Entry #18), or from the filing of the amended judgment, on January 28, 2005 (Docket Entry #20). The amended judgment was entered on the court's own accord, rather than in response to a parties' motion, and appears to have been entered pursuant to Rule 36 of the Federal Rules of Criminal Procedure, a rule allowing the correction of clerical errors. The only change made in the amended judgment, as noted in the docket entry, is the correction of Defendant's last name. Defendant's last name in the original judgment was listed as "Avalos," but in the amended judgment it was listed as "Avalos-Estrada." Because this change was made merely to correct a clerical error, it did not disturb or revise legal rights and obligations which had been settled in the original judgment; therefore, the filing of the amended judgment did not cause the period within which an appeal must be taken to begin to run anew. *See United States v. Aiken*, 13 Fed. Appx. 348, 351-52 (6th Cir. 2001); *Farkas v. Rumore*, 101 F.3d 20, 22-23 (2d Cir. 1996). As a result, the applicable date for purposes of calculating when Defendant was required to file his notice of appeal is December 20, 2004, when the court entered its original judgment in the case. (Docket Entry #18.)

2005. Defendant did not file his motion for leave to file an untimely appeal until February 18, 2005, after the additional thirty days was over. (Docket Entry #21.) As a result, the Tenth Circuit would not have jurisdiction over this untimely appeal.

Because the Government has stipulated to excusable neglect and moved to allow an appeal to proceed, one issue before the court is whether the timeliness of the filing of an appeal may be waived by the Government or whether it is a non-waivable jurisdictional issue. The Supreme Court's October 2005 decision in *Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403 (2005) (per curiam), raises the question of whether Rule 4 of the Federal Rules of Appellate Procedure is a rule that governs subject-matter jurisdiction (that may not be waived) or is merely an "inflexible claim-processing" rule that may be waived if not properly raised. In *Eberhart*, the court distinguished between using the term "jurisdictional" "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." 546 U.S. at __, 126 S. Ct. at 405. The Court explained that its decision in *United States v. Robinson*, 361 U.S. 220 (1960), had created some confusion "because of its observation that 'courts have uniformly held that the taking of an appeal within the prescribed time is *mandatory and jurisdictional*' . . . [a]nd subsequent opinions have repeated this phrase." *Eberhart*, 546 U.S. at __, 126 S. Ct. at 406 (quoting *Robinson*, 361 U.S. at 229).

9

It appears that the Tenth Circuit has considered the filing of a timely appeal to be a matter of jurisdiction since long before *Robinson* was decided. *See Larkin Packer Co. v. Hinderliter Tool Co.*, 60 F.2d 491, 492 (10th Cir. 1932) ("If the appeal was not taken within the period allowed by the applicable statute . . . this court is without jurisdiction to hear it."). Thus, the Tenth Circuit's view that the filing of a timely appeal is mandatory and jurisdictional does not appear to have been started by the *Robinson* opinion. Notably, in *Larkin*, the Tenth Circuit stated that "the parties cannot, by their conduct, confer jurisdiction where Congress has not," suggesting that the timeliness of a notice of appeal is not an issue that can be waived and that the Government's stipulation and motion in this case would not confer jurisdiction on the court. *Id.*

Recently, the Third Circuit noted that it believed that the "language and commentary of [Rules 3 and 4 of the Federal Rules of Appellate Procedure], along with their prior treatment by the Supreme Court and this Court, strongly support the conclusion that Rules 3 and 4 govern subject-matter jurisdiction." *United States v. Carelock*, 459 F.3d 437, 440 n.6 (3d Cir. 2006). Therefore, the Third Circuit has suggested that it would conclude that Rule 4 is one that is inflexible, jurisdictional, and mandatory, rather than one that may be waived by a party.

In any case, the Tenth Circuit concluded in *Mitchell*, 464 F.3d at 1152, that it was dismissing an untimely appeal for "lack

of jurisdiction." Thus it appears that the Tenth Circuit has concluded that Rule 4 governs subject-matter jurisdiction rather than being a claim-processing rule that may be waived. As a result, the court concludes that Rule 4 is jurisdictional, and as a result the Government may not waive the untimeliness of Defendant's direct appeal.[3]

## II.  Whether Defendant May Proceed Under 28 U.S.C. § 2255

Defendant, when he was acting *pro se*, specifically stated that he did not want his pleading construed to be a § 2255 motion. (Docket Entry #21, at 2-3 n.1.) However, after counsel was appointed to represent Defendant, Defendant explicitly consented to the court construing his February 18, 2005 *pro se* motion as a § 2255 motion if the court concluded that Defendant could not proceed with a direct appeal because of lack of jurisdiction. (Docket Entry #53, at 3.) Furthermore, the Government has

---

[3]Defendant argues that the habeas and § 2255 cases discussed by this report and recommendation in Section III below support his position that he is entitled to file a direct appeal at this late date. The problem with Defendant's argument is that these three cases are collateral attack cases and they do not address Rule 4's time limitations for filing a direct appeal. In light of the recent Tenth Circuit opinion in *Mitchell*, discussed above, in which the Tenth Circuit dismissed an untimely appeal for lack of jurisdiction, this court has concluded that Rule 4 is mandatory and jurisdictional. As a result, the court concludes that for Defendant to succeed in his case, he must file a § 2255 motion and allege ineffective assistance of counsel due to his counsel's failure to file a requested appeal. *See also United States v. Arroyo*, 392 F. Supp. 2d 292, 295-97 (D. Conn. 2005) (concluding that district court does not have authority to issue an order authorizing the late filing of an appeal, and that a § 2255 petition was the sole vehicle for obtaining such an order).

stipulated to Defendant's February 18, 2005 *pro se* motion being construed as a § 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry #57, at 1.)

Because the court has concluded Defendant cannot proceed with a direct appeal because of lack of jurisdiction, both parties have specifically consented to Defendant's February 18, 2005 *pro se* motion being construed as a § 2255 motion. Therefore, the court, in the interest of justice, recommends that Defendant's *pro se* motion be so construed. *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) (holding that district courts can recharacterize a motion purportedly made under some other rule as a § 2255 motion only if (1) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (2) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized). By so characterizing Defendant's *pro se* motion, Defendant will have timely filed his § 2255 motion. *See* 28 U.S.C. § 2255 (setting forth one year statute of limitations).

The court next examines the merits of Defendant's § 2255 motion to vacate, set aside, or correct his sentence.

### III.  Analysis of Defendant's § 2255 Motion

Case law from the United States Supreme Court and from the Tenth Circuit gives the court guidance as to how to rule on Defendant's § 2255 motion and what remedy should be implemented.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), as in this case, the defendant pleaded guilty.  At sentencing the defendant's counsel noted that she would file a notice of appeal, but she failed to do so in a timely way.  The defendant attempted to file a late notice of appeal, but it was rejected as untimely, and his efforts to secure state habeas relief were unsuccessful.  The defendant then filed a federal habeas petition, alleging ineffective assistance of counsel based on his trial counsel's failure to file a notice of appeal after promising to do so.  The Court held that, under *Strickland*, the defendant had shown ineffective assistance of counsel simply by proving that his counsel had failed to file a timely appeal without the defendant's consent.  In reaching this holding, the Court explained that it had "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477.  The Court also held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant

reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 479. The Court further explained that when counsel fails to file a timely notice of appeal, "counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether . . . [and] the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice." *Id.* at 483. Finally, the Court explained that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.

After *Flores-Ortega* was decided, the Tenth Circuit issued two notable opinions. In *United States v. Snitz*, 342 F.3d 1154 (10th Cir. 2003), a § 2255 case, a federal prisoner had pleaded guilty to a crime. During the § 2255 proceeding, the movant testified that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence. *Id.* at 1156. Citing to *Flores-Ortega*, the Tenth Circuit explained that the movant was entitled to a direct appeal, rather than simply a collateral attack of his conviction. *See id.* at 1158. The court explained that a defendant enjoys the right to counsel during a direct appeal, but not during a collateral attack of a conviction, and the guarantees encompassed in a direct appeal of a criminal conviction "cannot

14

effectively be replaced by a collateral prejudice assessment." *Id.* at 1157. As a result, the Tenth Circuit concluded the movant was entitled to a direct appeal of his conviction, and "[t]o effectuate [that] right, [the court directed] the district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal." *Id.* at 1159.

In 2005, the Tenth Circuit decided *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). The movant in that case, as in this case and the two cases discussed above, pleaded guilty to a crime in his underlying criminal case. No direct appeal was filed. A year later, the movant filed a § 2255 motion asserting his trial counsel was ineffective for, among other things, failing to file an appeal of his conviction. The movant claimed that he had specifically told his attorney to file a notice of appeal, but the attorney had failed to do so. Citing to *Flores-Ortega*, the court explained that "a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable. And, if counsel does not 'file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit.'" *Id.* at 1265 (citations omitted). As a result, the Tenth Circuit concluded that if the movant actually asked his counsel to perfect an appeal and his counsel ignored the request, the movant was entitled to a delayed appeal regardless of whether it appeared that the appeal would have any merit.

15

Turning to Defendant's case, the court first considers whether Defendant has proven that he asked his attorney to file an appeal for him within the required time period. The Government and Defendant recently filed a Stipulation with the court upon which the court has chosen to base its finding. The Stipulation provides: "The government and Mr. Avalos-Estrada agree that Mr. Avalos-Estrada and his family members notified the Utah Federal Defendant Office of his desire to appeal prior to the expiration of the time for filing an appeal." (Docket Entry #90, at 1.) Based on this Stipulation, the court hereby finds that Defendant asked his attorney's office to file an appeal within the time period for filing a notice of appeal. The court also finds, based on the undisputed facts before the court, that Defendant's attorney failed to file a notice of appeal in Defendant's case.

Based on these factual findings and the case law discussed above, the court concludes that Defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. See *Flores-Ortega*, 528 U.S. at 484; *Garrett*, 402 F.3d at 1265; *Snitz*, 342 F.3d at 1157-59. Defendant's counsel acted in a manner that was professionally unreasonable by not filing an appeal after Defendant expressly asked that such an appeal be filed, and, under the case law set forth above, such behavior is presumed to be prejudicial. As a result, Defendant is entitled to a delayed appeal without making a showing that his appeal will have merit. See *Garrett*, 402 F.3d at 1265. The court

therefore recommends that Defendant be allowed to proceed with a direct appeal.

### FINDING

Based on the January 26, 2007 Stipulation agreed to by both the Government and Defendant, the court finds that Defendant specifically asked his trial counsel's office to file an appeal and that Defendant's trial counsel never filed the requested appeal.

### RECOMMENDATION

Based on the foregoing analysis, **IT IS HEREBY RECOMMENDED** that Defendant's *pro se* motion requesting that the court grant him an extension of time to file an appeal (Docket Entry #21) be **DENIED**.  **IT IS ALSO RECOMMENDED** that the Government's Motion to Stipulate To Excusable Error and Request to Proceed With Appeal (Docket Entry #48) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, in the interest of justice, the court construe Defendant's February 18, 2005 motion to file an appeal as a § 2255 motion to vacate, set aside, or correct his sentence.

The court concludes that Defendant has set forth a successful § 2255 motion.  Therefore, **IT IS FURTHER RECOMMENDED** that Defendant be allowed to proceed with his appeal as the appropriate remedy to his successful § 2255 motion.  Defendant's § 2255 motion successfully establishes the ineffective assistance of Defendant's trial counsel based of her failure to file Defendant's requested

appeal, entitling Defendant to a direct appeal. In *Snitz*, upon reaching the same conclusion as this court reaches in this case, "[t]o effectuate [that] right [to proceed with a direct appeal of his conviction]," the Tenth Circuit directed "the district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal." *Snitz*, 342 F.3d at 1159. The court recommends that the same procedure be followed in this case. Defendant will then have ten days upon entry of the court's order to file his appeal.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections to both factual and legal findings may constitute a waiver of those objections on subsequent appellate review.

DATED this 7th day of February, 2007.

BY THE COURT:

SAMUEL ALBA
United States Chief Magistrate Judge