IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS AVALOS-ESTRADA,<br><br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING § 2255 MOTION<br><br>Case No. 2:04-CR-00578<br>Case No. 2:07-CV-00124 |

Before the court is the Report and Recommendation (CR #91) issued by United States Magistrate Judge Alba on February 7, 2007, recommending that: (1) the court deny defendant's motion for leave to file a direct appeal beyond the deadline (CR #21); (2) the court deny the government's motion to stipulate to excusable error and request to proceed with appeal (CR #48); (3) the defendant's motion for leave to file an appeal be construed as a § 2255 motion to vacate, set aside, or correct his sentence; and, (4) the defendant's § 2255 motion be granted (CV #1) and that defendant be allowed to proceed with a direct appeal as the § 2255 remedy.

The parties have been properly notified of their right to object to the Report and Recommendation and that they must file any objections within ten (10) days after receiving it, pursuant to 28 U.S.C. § 636(b). The court has not received any objections from the parties.

Having reviewed all relevant materials, including the reasoning set forth in the Magistrate Judge's Report and Recommendation, the court ADOPTS the Report and Recommendation (CR #91). Accordingly, the court DENIES defendant's motion for leave to file a direct appeal beyond

the deadline (CR #21); the court construes the defendant's February 18, 2005 motion for leave to file an appeal as a § 2255 motion to vacate, set aside, or correct his sentence; and, the court GRANTS the defendant's § 2255 motion (CV #1) and allows the defendant to proceed with a direct appeal as the § 2255 remedy. To allow defendant to file a timely appeal, the court orders that its judgment and conviction of sentence in defendant's criminal case be VACATED and REENTERED. Defendant will have ten days upon reentry of the court's judgment and conviction of sentence to file his appeal.

The court also agrees that the government's motion to stipulate to excusable error and request to proceed with appeal (CR #48) should be denied. However, the court declines to rule on this issue because the motion was already denied at the October 2, 2006 hearing (CR #52).

In light of these rulings, the court denies as MOOT the following: defendant's motions for miscellaneous relief (CR #23 and CR #25); defendant's motion for stay of the statute of limitations (CR #32); and the government's stipulation to proceed under 28 U.S.C. § 2255 (CR #57).

The Clerk's Office is directed to enter judgment accordingly.

SO ORDERED.

DATED this 1st day of March, 2007.

BY THE COURT:

Paul G. Cassell,
United States District Judge